IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLIS DEVELOPMENT & CONSTRUCTION, INC. AND MT. HAWLEY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA FIRST INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>_____ |

## ORIGINAL COMPLAINT

Plaintiffs Millis Development & Construction, Inc. ("Millis") and Mt. Hawley Insurance Company ("Mt. Hawley") file this Original Complaint and respectfully show the Court the matters set forth below:

### I.
### PARTIES

1. Plaintiff Millis is a Texas corporation having its principal place of business in Fort Bend County, Texas.

2. Plaintiff Mt. Hawley is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois.

3. Defendant America First Insurance Company ("America First") is foreign company incorporated in New Hampshire and having a principal office in Massachusetts, that is admitted and licensed to do business in Texas. America First may be served in this case through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202, and for affirmative relief. An actual and substantial controversy exists between the parties. By this action, Plaintiffs seek a declaration that America First has a duty to defend and indemnify Millis and Trendmaker relating to the claims brought against them in the underlying lawsuit styled *Wayne Gordon v. Trendmaker Homes, Inc., et al*, Cause No. 2009-61350, which is pending in the 125th Judicial District Court of Harris County, Texas (the "Underlying Action"), and that Mt. Hawley has a right to be reimbursed for defense costs that it has incurred and continues to incur on behalf of Millis and Trendmaker that should have been paid by America First. Plaintiffs also seek affirmative relief for expenses and attorneys' fees incurred in defending against the claims asserted in the Underlying Action.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(a) because the Underlying Action is pending in this District and Division.

## III.
## FACTUAL BACKGROUND

The Underlying Action

7. In September 2009, the Underlying Action was filed against Millis and Trendmaker Homes, Inc. and Trendmaker Homes, Inc. d/b/a Trendmaker Development Company ("Trendmaker") in relation to alleged injuries sustained by Wayne Gordon at a construction project on or about February 2, 2009.

**ORIGINAL COMPLAINT**                                                                                          **PAGE 2**

8. Trendmaker is the owner and developer of the subject project. Trendmaker contracted with Millis, who acted as the general contractor of the project. Millis subcontracted with Texas Mechanical Contractors ("TMC") to perform certain HVAC work at the project. In turn, TMC hired Dynamic Air Balancing and Gordon to perform some of the contract HVAC work.

9. The Underlying Action alleges that Gordon was injured during the course and scope of his employment and while performing his assigned job duties. Specifically, the Underlying Action alleges defective and negligent construction, an unreasonably dangerous property condition, violations of the Texas DTPA, and gross negligence by both Millis and Trendmaker.

The America First Policy

10. America First issued Commercial General Liability Policy No. CCP8069882 for policy period September 3, 2008 to September 3, 2009 to TMC (the "America First Policy"), which provides coverage for the accident at issue in the Underlying Action.

11. The America First Policy contains a blanket additional insured endorsement that makes any person or organization an insured under the America First policy if TMC contractually agreed to do so:

> H.  ADDITIONAL INSUREDS – BY CONTRACT, AGREEMENT OR PERMIT
>
> 1.  Paragraph 2. under **SECTION II – WHO IS AN INSURED** is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy to provide insurance such as is afforded under this Coverage Part. Such person or organization is an additional insured only with respect to liability arising out of:
>
>    a.  Your ongoing operations performed for that person or organization; . . .

> With respect to provision **1.a.** above, a person's or organization's status as an insured under this endorsement ends when your operations for that person or organization are completed. . . .

The Millis/TMC Subcontract

12. Millis and TMC entered into a Subcontract, whereby TMC agreed to perform the HVAC work that underlying plaintiff Gordon was performing on its behalf at the time of the accident. In the Subcontract, TMC agreed to indemnify and name both Millis and Trendmaker as additional insureds under the America First Commercial General Liability Policy issued to TMC. The "Subcontractor's Insurance Requirements" state:

> CONTRACTOR AND OWNER will be named as "additional insured" on ISO Form CG2010 1185 or CG2010 1001 and CG2037 1001 or CG2033 10001 and CG2037 1001 or equivalent form(s) approved in advance by CONTRACTOR that provide primary and non-contributory insurance as well as products-completed operations to CONTRACTOR AND OWNER. A COPY OF THE ADDITIONAL INSURED FORM ENDORSEMENT LISTING CONTRACTOR MUST BE ATTACHED TO THE CERTIFICATE OF INSURANCE REQUIRED BY THIS AGREEMENT.

Tenders and Denials

13. Millis has made numerous tenders to America First on behalf of Millis and Trendmaker, demanding that America First defend and indemnify them against the claims asserted by Gordon in the Underlying Action. America First denied those tenders in writing on March 24, 2009 and January 18, 2010.

14. Despite America First's improper denials of Millis's tenders, Millis made additional requests that America First withdraw its denials based on the controlling Texas law. After much stalling and delay, America First verbally informed Plaintiffs' counsel on August 6, 2010, that America First would accept the defense and indemnity of Millis. America First also indicated that a formal acceptance letter would be forthcoming.

15. However, to date, America First has not acknowledged its coverage obligations, despite being informed of critical deadlines and issues concerning potential settlement that have

arisen. America First's intentional delay and improper denials have prejudiced its' additional insureds' defense and possible resolution of the Underlying Action.

The Mt. Hawley Policy

16. Mt. Hawley issued Commercial General Liability Policy No. MGL0152705 for policy period August 15, 2008 to August 15, 2009 to Millis (the "Mt. Hawley Policy").

17. Mt. Hawley has incurred defense costs on behalf of Millis and Trendmaker, which America First had the obligation to pay under the America First Policy.

18. The Mt. Hawley Policy contains the following contractual subrogation condition:

**8.    Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

19. The Mt. Hawley Policy also contains the following excess provision:

**(3)** This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to you as an additional insured or contractual indemnitee under a policy issued to a subcontractor. . . .

We have no duty under **Coverage A** or **B** to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all those other insurers.

\* \* \*

"Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

20. The Mt. Hawley Policy addresses contribution between insurers with respect to the amount of loss, *i.e.*, the respective insurers' indemnity obligation.

## IV.
## DECLARATORY RELIEF

21. Plaintiffs incorporate by reference the allegations stated above.

22. Plaintiffs seek a declaratory judgment by this Court that Millis and Trendmaker are additional insureds under the America First Policy, that America First has a duty to defend and indemnify Millis and Trendmaker for the claims raised in the Underlying Action, and that America First has a duty to reimburse Mt. Hawley for the defense costs Mt. Hawley has paid and continues to pay in defending Millis and Trendmaker in the Underlying Action.

## V.
## BREACH OF CONTRACT AND ATTORNEYS' FEES

23. Plaintiffs incorporate by reference the allegations stated above.

24. Plaintiffs would further show that the conduct of America First constitutes a breach of the America First Policy. America First agreed to insure Millis and Trendmaker as additional insureds and has breached its agreement by failing to accept the defense and reasonably settle and/or indemnify of Millis and Trendmaker in the Underlying Action.

25. As a result of America First's breach of contract, Plaintiffs have suffered injury and incurred costs and attorneys' fees, including reasonable attorneys' fees to bring this action to enforce America First to accept its contractual obligations. Accordingly, Plaintiffs seek reimbursement of reasonable attorneys' fees in bringing this action as authorized by the Texas Civil Practice and Remedies Code.

## VI.
## SUBROGATION

26. Plaintiffs incorporate by reference the allegations stated above.

27. Plaintiff Mt. Hawley has a contractual subrogation right to recover all defense costs incurred by Millis and Trendmaker in the Underlying Action and paid by Mt. Hawley, which America First is obligated to pay under the America First Policy.

28. Plaintiff Mt. Hawley further has an equitable subrogation right to recover all defense costs paid by Mt. Hawley on behalf of Millis and Trendmaker in the Underlying Action, which America First should have paid under the America First Policy.

29. Plaintiff Mt. Hawley further seeks recovery of its attorneys' fees in bringing these contractual and equitable subrogation claims as authorized by the Texas Civil Practice and Remedies Code.

## VII.
## CONTRIBUTION

30. Plaintiffs incorporate by reference the allegations stated above.

31. America First is obligated to pay Millis and Trendmaker's defense costs in the Underlying Action. To the extent that Mt. Hawley has any common obligation to defend Millis and Trendmaker in the Underlying Action, Mt. Hawley has a right of contribution against America First to recover defense costs owed by America First to Millis and Trendmaker.

## VIII.
## JURY DEMAND

32. Plaintiffs request that this civil action be tried before a jury.

## IX.
## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request judgment against Defendant America First as follows:

    1.    A declaration that Millis and Trendmaker are additional insureds under the America First Policy, that America First has a duty to defend and indemnify Millis and Trendmaker for the damages claimed in the

      Underlying Action, and that America First has a duty to reimburse Mt. Hawley for defense costs that it has incurred in the Underlying Action;

2. An award against America First awarding Mt. Hawley the defense costs that it incurred on behalf of Millis and Trendmaker that rightfully should have been paid by America First;

3. Reasonable attorneys' fees incurred in pursuing this action;

4. Costs of court, prejudgment and post-judgment interest as allowed by law; and

5. Such other and further relief as to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

_____
GREG K. WINSLETT
State Bar No. 21781900
Southern District Bar No. 13078
TAMMY L. CLARY
State Bar No. 24001894
Southern District Bar No. 600910

**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qsclpc.com
tclary@qsclpc.com

**ATTORNEYS FOR PLAINTIFFS MILLIS DEVELOPMENT & CONSTRUCTION, INC. AND MT. HAWLEY INSURANCE COMPANY**